IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Salvador Prieto,<br><br>Plaintiff,<br><br>v.<br><br>City of Chicago, a municipal corporation, and David Brown in his official and individual capacities,<br><br>Defendants | Case No. 22-cv-04794<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Salvador Prieto, a Chicago police officer, filed suit against Defendants City of Chicago and former Chicago Police Department superintendent David Brown challenging employment sanctions taken against him. Prieto claims that the sanctions —including the stripping of his police powers and not including his 2-year suspension in his years of seniority —constituted equal protection and due process violations, as well as a breach of contract. Before the Court now is Defendants' motion to dismiss the amended complaint. [20]. For the reasons stated herein, Defendants' City of Chicago and David Brown Motion to Dismiss [20] is granted.

### I. Background

The following factual allegations taken from the operative complaint [18] are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

1

The Chicago Police Department ("CPD") hired Plaintiff Salvador Prieto ("Prieto") as a beat patrol officer in 1998. [18] at ¶¶ 8-9. Prieto eventually became a tactical officer. *Id*. In 2009, Prieto participated in a home search that was later investigated by the Independent Police Review Authority (IPRA). *Id*. at ¶ 11. The IPRA determined that Prieto lied during its investigation. *Id*. at ¶ 13. The Chicago Police Board (CPB) subsequently found him guilty of multiple personnel rules and ordered his discharge on February 21, 2013. *Id*. at ¶ 14.

Prieto appealed his discharge to the Circuit Court of Cook County, which sustained the Board's findings but reversed the sanction of discharge and remanded to the CPB. *Id*. at ¶ 15. The CPB then imposed a two-year suspension on Prieto without backpay. *Id*. at ¶ 16. He served the suspension from July 7, 2012, to July 6, 2014. *Id*. at ¶ 17.

On October 1, 2014, Prieto was reinstated as a police officer, only to be stripped of his police powers the next day on October 2, 2014. *Id*. at ¶ 19. Prieto alleges that he received an "unofficial[]" explanation that he was stripped of his police powers for past dishonesty. *Id*. at ¶ 21. CPB also did not count the two-year suspension towards Prieto's seniority, even though according to Prieto, more than 200 other CPD officers served similar suspensions for similar violations without losing police powers or seniority. *Id*. at ¶¶ 21-22.

Defendants attach to their reply an opinion and award from an arbitration between the City and Prieto from 2019 to 2021. [25-1]. The Court takes judicial notice of the arbitration award as it would a judicial decision. *Consolidation Coal Co. v.*

2

*UMW, Dist. 12*, 213 F.3d 404, 407 (7th Cir. 2000). In an August 16, 2021 arbitration opinion, labor arbitrator George Roumel dismissed Prieto's grievance for lack of arbitrability. [25-1]. The arbitrator found that Prieto was a "Class Grievant" covered in a 2017 Settlement Agreement between the City and the FOP arising out of the same CPB investigation. *Id.* That Settlement Agreement read as follows:

> It is mutually understood that this agreement is in full and complete settlement of any and all claims arising either directly or indirectly out of the subject matter of the Grievances, including but not limited to the Department's decisions both to place Class Grievants in restricted duty status with no police powers and to continue Class Grievants' restricted duty status with no police powers, to any claims for back pay, assignment upon reinstatement, seniority or continuous length of service, or any other benefits.

*Id.* at 10.

The arbitrator accordingly determined that he was "obligated to follow the Agreement." *Id.* at 15.

Prieto and the City scheduled a subsequent arbitration in June 2022 regarding the reinstatement of Prieto's police powers. *Id.* at 23. However, the City did not proceed with the arbitration. *Id.* On September 7, 2022, Prieto sued the City and CPD Superintendent David Brown, for the removal of his police powers and denying him seniority. [1]. On February 28, 2023, Prieto filed an amended complaint, pleading a violation of his Fourteenth Amendment rights to equal protection and due process pursuant to § 1983 (Count One), and a state law breach of contract claim (Count Two). [18]. Before the Court now is Defendants' motion to dismiss the first amended complaint. [20].

**II. Standard**

3

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

### III. Analysis

**A. Count I: Section 1983 Claim (Equal Protection and Due Process)**

Prieto claims that the sanctions imposed by Defendants—stripping his police powers and refusing to include his suspended time toward his seniority—violated his Fourteenth Amendment rights to equal protection and due process. He pleads that the due process violation relates to the lack of a "fair and impartial investigation" leading to sanctions, while the equal protection violation stems from Defendants' "unfair implementation of sanctions" on Prieto as compared to other officers. [18] at ¶¶ 29-31, 34. Defendants move to dismiss Count I as time barred and for failure to state a claim.

A two-year statute of limitations applies to § 1983 claims in Illinois. *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). The statute of limitations begins to run when the § 1983 claim accrues, or when the plaintiff knew or should have known that their constitutional rights had been violated. *Lawshe v. Simpson*, 16 F.3d 1475, 1478 (7th Cir. 1994) (citing *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993)). Courts determine the accrual date for a § 1983 claim in two steps: 1) identifying the injury, then 2) deciding the date on which plaintiff could have sued for that injury. *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004).

Prieto's § 1983 claim is time barred. His claim is based on two injuries: the stripping of his police powers and discounting time from his seniority. Constitutional injuries in the employment context accrue on the date of the adverse employment action. *Del. State College v. Ricks*, 449 U.S. 250, 258 (1980); *Lawshe*, 16 F.3d at 1480

("[A] claim for deprivation of public employment without due process accrues on . . . the actual termination of employment."). The date of accrual does not change even if the consequences of the adverse employment action extend into the future. *Hileman*, 367 F.3d at 698 (citing *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)). Nor is the accrual date tolled by the pursuit of internal grievance procedures. *Kelly*, 4 F.3d at 511-12 (citing *Ricks*, 449 U.S. at 250). The CPB imposed the sanctions in question on October 2, 2014, almost eight years before Prieto filed suit in September 2022. Prieto's claim thus accrued on October 2, 2014, and the statute of limitations ran until October 2, 2016.

In reply to the motion to dismiss, Prieto argues that his claim did not accrue until June 2022, when Defendants opted out of arbitration. He contends that he only then learned that he would be permanently deprived of an opportunity for a fair hearing on the sanctions. However, Prieto's Amended Complaint does not plead a lack of a fair hearing as the basis for the § 1983 claim. The word "hearing" does not appear in the Amended Complaint. *See* [18]. Instead, the Amended Complaint asserts a denial of a "fair and impartial investigation[]" and the "partial and unfair implementation of sanctions" as constitutional injuries. *Id.* at ¶¶ 30, 34. Reading the Amended Complaint in the light most favorable to Prieto, he does not plausibly allege that he was denied a fair hearing.[1] As Prieto "may not amend his complaint in his response brief," *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. V. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011), the Court finds Count I is time barred.

---

[1] The 2021 arbitration order, [25-1], also put Prieto on notice that future grievances based on the same sanctions would not be arbitrable.

6

Even if Prieto's claim was timely, he fails to state a claim for either a due process or equal protection violation. To establish a procedural due process claim, Prieto must make a threshold allegation of a "constitutionally protected interest." *O'Gorman v. City of Chicago*, 958 F. Supp. 2d 928, 937 (N.D. Ill. 2013) (citing *Moss v. Martin*, 473 F.3d 694, 700 (7th Cir. 2007)). Here, Prieto alleges that Defendants restricted his "interest in fair and impartial investigations and imposition[] of sanctions." [18] at ¶ 30. The Constitution does not protect either of these interests. *See Kelly v. City of Chicago*, 22-cv-4535, 2023 WL 1779819 (N.D. Ill. Feb. 5, 2023), at *2-*3 (dismissing identical claim by CPD officer based on loss of police powers and deficient police board investigation for failure to state a constitutionally protected property interest). Prieto does not have a protected interest in the details of his work assignment, *id.* (citing *Swick v. City of Chicago*, 11 F.3d 85, 87 (7th Cir. 1993), nor does he have a protected interest in the investigation process used by CPB. *Kelly*, 2023 WL 1779819, at *2 (collecting cases).

As for the equal protection claim, Prieto fails to allege that he is a member of a protected class. The Equal Protection Clause of the Fourteenth Amendment protects against "purely arbitrary government classifications," and a plaintiff can plead a "class-of-one" claim for arbitrary and irrational treatment. *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012). However, public employees have no recourse to class-of-one claims. *Id.* Moreover, a plaintiff may "plead themselves out of court if their complaint reveals a potential rational basis" for the differential treatment. *Miller v. City of Monona*, 784 F.3d 1113, 1120 (7th Cir. 2015). Here, Prieto

7

admits that the CPB found him guilty of violating personnel rules. That misconduct is a rational basis for the adverse employment actions. The equal protection claim fails as a result.

Prieto fails to allege facts that support a due process or equal protection claim, so the Court need not address in full Defendants' other arguments for dismissal. Still, the Court notes that Prieto only pleads conclusory statements to establish municipal liability under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). He alleges that the City had a pattern and practice of manipulating sanctions, and that Defendant Brown had final policy making authority but does not include any specific facts to support these statements. These conclusory statements are insufficient to survive a motion to dismiss.

For these reasons, Defendants' motion to dismiss Count I is granted. Because the Court finds the claim is time-barred and Prieto has no constitutionally protected interest and is not a member of a protected class, Court I is dismissed with prejudice.

**B. Count II—Breach of Contract (against Defendant City of Chicago)**

Both parties agree that the relevant contract for purposes of any breach of contract claim is the Collective Bargaining Agreement ("CBA") between the Fraternal Order of Police Chicago Lodge No. 7 and the City. Prieto claims that the City breached the CBA by not conducting its disciplinary investigations fairly or impartially and by not imposing equitable sanctions on similarly situated CPD officers. [18] at ¶ 40.

The City asserts the claim is preempted by the federal Labor Management Relations Act ("LMRA") and the Illinois Public Labor Relations Act ("IPLRA"). [21] at

8

14-15. Prieto says the meaning of the CBA is clear and does not require any interpretation that would trigger preemption. For the following reasons, the Court agrees that the claim is preempted.

LMRA § 301 preempts state law claims that substantially depend on interpreting the terms of a collective bargaining agreement. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) (citing *Elec. Workers v. Hechler*, 481 U.S. 851, 859 (1987); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 219-220 (1965). The key question is whether the state law claim is "founded directly on rights created by the collective agreement" or requires interpretation of its terms. *Wince v. CBRE, Inc.*, 19-CV-01546, 2020 WL 6273479, at *5 (N.D. Ill. Oct. 26, 2020). Section 301 preemption does not apply to claims based on collective bargaining agreements when the terms of the agreement are so clear that interpretation is unnecessary. *Nat'l Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil*, 784 F.3d 817, 828 (7th Cir. 1986).

Prieto's claim relies entirely on the CBA. He does not identify the agreement in the Amended Complaint, only referring to obligations under "the Contract." In his reply he identifies the CBA as the operative agreement between the parties. A claim predicated on a violation of a collective bargaining agreement is a matter of federal law preempted by §301. *Oglesby v. RCA Corp.*, 752 F.2d 272, 276 (7th Cir. 1985). Prieto argues that "the only relevant question under the CBA will be whether Defendants had just cause to impose certain sanctions on the Plaintiff," per Article 8.1 of the CBA. [25] at 11. This is a paradigmatic matter of interpretation that § 301 prevents the Court from considering. *See, e.g., Oglesby*, 752 F.2d at 276; *St. James v.*

9

*Scot Lad Foods*, 652 F. Supp. 1228, 1231 (N.D. Ill. 1987); *Robinson v. U.S. Steel Corp.*, 2010 U.S. Dist. LEXIS 102854 (N.D. Ind. 2010) (dismissing claims based on "just cause" provisions as preempted by §301).

Defendants also argue that the claim is preempted by the IPLRA and by invoking his union's duty of fair representation, but the Court need not look further beyond the LMRA to find the claim is preempted. Count II is dismissed with prejudice.

## IV. Conclusion

For the stated reasons, Defendants' motion to dismiss [20] is granted. Civil case terminated.

E N T E R:

Dated: December 6, 2023

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

10